UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JEREMIE SAINTVIL, on his own
behalf and on behalf of those similarly
situated,

        Plaintiff,

                                    CASE NO.:

vs.

APPLE COMPUTER INC., a Foreign
Profit Corporation, AKA APPLE INC.

        Defendants.            /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JEREMIE SAINTVIL ("Plaintiff"), on his own behalf and on behalf of those similarly situated ("Plaintiffs"), through undersigned counsel, files this Complaint against Defendant, APPLE COMPUTER INC., a Foreign Profit Corporation, AKA APPLE INC., ("APPLE"), ("Defendant"), and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material to this action, Plaintiff was, and continues to be a resident of Palm Beach County, Florida.

5. At all times material to this action, APPLE was, and continues to be a Foreign Profit Corporation. Further, at all times material to this action, APPLE was, and continues to be, engaged in business in Florida, regularly conducting business in Dade County, Florida.

6. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9. Defendant was, and continues to be, "an employer" within the meaning of the FLSA.

10. At all times material to this action, Defendant APPLE was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

11. The annual gross revenue of Defendant APPLE was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material to this action, Defendant APPLE was, and continues to be, the designer and creator of the iPod and iTunes, Mac laptop and desktop computers, the OS X operating system, and the iPhone and iPad, operating retail and

service stores nationwide.

13. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

15. In or about October 21, 2010, Defendant hired Plaintiff to work as a non-exempt, hourly-paid Senior Manager covering several computer software retail stores. Plaintiff worked at several locations in *inter alia* Broward and Miami-Dade counties.

16. Plaintiff's job duties included, but were not limited to, sales, support and assisting the Store Leaders in ensuring that the store ran smoothly.

17. At various times material to this Complaint, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

18. From at least October 21, 2010 and continuing through June 4, 2012, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

19. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

20. The additional persons who may become plaintiffs in this action also "worked" for Defendant, held similar positions to Plaintiff, and worked in excess of

forty (40) hours during one or more workweeks during the relevant time periods, but did not receive pay at one and one-half times their regular rate for all of their hours worked in excess of forty (40) hours in a workweek.

21.  Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

22.  Defendant has violated Title 29 U.S.C. §207 from at least October 21, 2010 continuing through June 4, 2012, in that:

   a.  Plaintiff worked in excess of forty (40) hours per workweek for the period of employment with Defendant;

   b.  No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all of those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

   c.  Defendant has failed to maintain proper time records as mandated by the FLSA;

23.  Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

24.  Defendant failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

25.  Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

26. Plaintiff re-alleges paragraphs 1 through 25 of the Complaint, as if fully set forth herein.

27. From at least October 21, 2010 and continuing through June 4, 2012, Plaintiff worked hours in excess of forty (40) hours per workweek for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

28. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all of those hours worked in excess of forty (40) hours.

29. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

30. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when it knew, or should have known, such was, and is, due.

31. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

32. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

33. Plaintiff is entitled to an award of reasonable attorneys' fees and costs

pursuant to 29 U.S.C. §216(b).

34. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and one-half for their overtime hours.

35. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendant has failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and one-half of their regular rate of pay for such hours.

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: this 16th day of November, 2012.

Respectfully Submitted,

Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-424-8317
E-mail: Amurthy@forthepeople.com

*Attorney for Plaintiffs*