UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CV-24121-Lenard/O'Sullivan

JEREMIE SAINTVIL, on his own behalf and
on behalf of those similarly situated,

       Plaintiff,

v.

APPLE COMPUTER, INC., a Foreign Profit
Corporation, AKA APPLE INC.

       Defendants.

_____/

## DEFENDANT'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant APPLE INC.[1] (hereinafter "Apple") hereby files its Answer, Defenses and Affirmative Defenses to JEREMIE SAINTVIL's ("Plaintiff") Complaint, responding, by corresponding numbers, to each of the numbered paragraphs in Plaintiff's Complaint. For convenience, Defendant uses the same headings used by Plaintiff in his Complaint.

### JURISDICTION

1. Apple admits that Plaintiff purports to bring this action seeking unpaid back wages, an additional equal amount as liquidated damages, declaratory relief, and reasonable attorneys' fees and costs under the Fair Labor Standards Act ("FLSA"). Apple also admits that this court has jurisdiction. However, Apple denies that Plaintiff is entitled to any relief whatsoever.

2. Apple admits that this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and admits that Plaintiff purports to bring claims under 29 U.S.C. § 216(d).

---

[1] Apple Inc. is incorrectly named "Apple Computer, Inc."

3. Apple admits that this Court has the authority to grant declaratory relief pursuant to 28 U.S.C. § 2201 et seq. and the FLSA. Apple denies, however, that Plaintiff is entitled to any relief under 28 U.S.C. § 2201 et seq. or the FLSA, or any relief whatsoever.

## PARTIES

4. Apple admits that, according to Plaintiff's personnel records, he was a resident of Palm Beach County during all periods of his employment with Apple. Apple lacks sufficient knowledge to admit or deny all other allegations in this paragraph and, they are therefore denied.

5. Apple admits that it is a Foreign Profit Corporation. Apple also admits that it conducts business in the state of Florida, including Miami-Dade County, Florida.

6. The allegations set forth in paragraph 6 of the Complaint are legal conclusions to which no response is necessary, and are therefore denied.

7. The allegations set forth in paragraph 7 of the Complaint are legal conclusions to which no response is necessary, and are therefore denied.

8. The allegations set forth in paragraph 8 of the Complaint are legal conclusions to which no response is necessary, and are therefore denied.

9. The allegations set forth in paragraph 9 of the Complaint are legal conclusions to which no response is necessary, and are therefore denied.

10. The allegations set forth in paragraph 10 of the Complaint are legal conclusions to which no response is necessary, and are therefore denied.

11. Apple admits the allegations in paragraph 11 of the Complaint.

12. Apple admits the allegations in paragraph 12 of the Complaint.

13. Apple admits the allegations in paragraph 13 of the Complaint.

14. The terms "directly essential" in paragraph 14 of the Complaint are vague and ambiguous. Thus, Apple lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 14 of the Complaint, and they are therefore denied.

## STATEMENT OF FACTS

15. Apple admits that Plaintiff was hired by Apple on or about October 21, 2010, and that he worked for Apple as a Senior Manager in a position that was classified as non-exempt under the FLSA. Apple denies all remaining allegations in paragraph 15 of the Complaint.

16. Apple admits that Plaintiff's job duties included sales, support, and assisting store management, and denies all remaining allegations in paragraph 16 of the Complaint.

17. Apple admits that at times Plaintiff worked for Apple in excess of forty (40) hours within a work week. The remaining allegations in paragraph 17 of the Complaint are denied.

18. Apple denies the allegations set forth in paragraph 18 of the Complaint.

19. The allegations set forth in paragraph 19 of the Complaint are legal conclusions to which no response is necessary, and are therefore denied.

20. Apple denies that additional persons may become Plaintiffs in this action, and denies that there are current or former Apple employees who are similarly situated to Plaintiff. Apple further denies the remaining allegations in paragraph 20 of the Complaint.

21. Apple admits that it possesses records concerning the number of hours worked by, and the compensation paid to, Plaintiff.

22. Apple denies the allegations set forth in paragraph 22 of the Complaint including subparts (a) through (c).

23. Apple denies the allegations set forth in paragraph 23 of the Complaint.

24. Apple denies the allegations set forth in paragraph 24 of the Complaint.

25. Apple lacks sufficient knowledge to admit or deny the allegation set forth in paragraph 25 of the Complaint and, they are therefore denied.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

26. Apple repeats and incorporates by reference each of its responses to paragraphs 1-25 of the Complaint with the same force and effect as though fully set forth herein.

27. Apple denies the allegations set forth in paragraph 27 of the Complaint.

28. The allegations set forth in paragraph 28 of the Complaint are legal conclusions to which no response is necessary, and are therefore denied.

29. Apple denies the allegations set forth in paragraph 29 of the Complaint.

30. Apple denies the allegations set forth in paragraph 30 of the Complaint

31. Apple denies the allegations set forth in paragraph 31 of the Complaint.

32. Apple denies the allegations set forth in paragraph 32 of the Complaint.

33. Apple denies that Plaintiff entitled to any award of fees or costs, or any award whatsoever, and further denies any remaining allegations set forth in paragraph 33 of the Complaint.

34. Apple denies that there are any individuals "similarly situated" to Plaintiff, and further denies the remaining allegations set forth in paragraph 34 of the Complaint.

35. Apple denies that there are any individuals "similarly situated" to Plaintiff, and further denies the remaining allegations set forth in paragraph 35 of the complaint.

Apple denies that Plaintiff is entitled to any of the relief sought in the unnumbered 'WHEREFORE' paragraph following paragraph 35 of the Complaint, including payment for alleged overtime hours worked, liquidated damages, and attorneys' fees and costs, and denies that Plaintiff is entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff has requested a trial by jury, but denies that Plaintiff is entitled to one.

## GENERAL DENIAL

Defendant denies each and every allegation of fact, conclusion of law, or other matter set forth in the Complaint that has not been expressly admitted herein.

## DEFENSES

1. Plaintiff's Complaint fails, in whole or in part, to allege sufficient ultimate facts upon which relief can be granted, and, accordingly, must be dismissed.

2. Plaintiff is not "similarly situated" to any current or former employees of Apple.

3. Plaintiff and the "similarly situated" employees, if any, fail to state a claim.

4. Plaintiff's claims, and those of the alleged "similarly situated" employees, are barred, in whole or in part, by the applicable statute of limitations.

5. If Plaintiff and the alleged "similarly situated" employees, if any, prove that Apple acted in violation of the FLSA, either by action or omission, such action or omission was not willful or reckless, but rather, was in good faith and based upon a reasonable belief that such action or omission was not a violation of the FLSA. Thus, neither a three-year statute of limitations nor liquidated damages would be warranted.

6. All or part of Plaintiff's claims, and the claims of the alleged "similarly situated" employees, if any, are barred by the doctrines of waiver, release, estoppel, unclean hands, and/or laches.

7. All or part of Plaintiff's claims, and the claims of the alleged "similarly situated" employees, if any, are barred by the doctrine of accord and satisfaction.

8. Plaintiff's claim is moot because he was paid all disputed monies he claimed that he was owed.

9. Plaintiff's damages, and the damages of the alleged 'similarly situated' employees, if any, are barred or limited by the provisions of the FLSA.

10. Plaintiff has failed to meet the conditions precedent for bringing this suit.

11. If Plaintiff is able to show a violation of the FLSA, which is denied, Apple is entitled to a set-off for paid wages.

12. Plaintiff and any alleged 'similarly situated' employees, if any, were timely paid overtime wages for all hours worked in excess of 40 hours in each workweek.

13. Without conceding that Plaintiff or any of the allegedly 'similarly situated' employees, if any, has suffered any damages as a result of any alleged wrongdoing by Apple, they have failed to mitigate or minimize the alleged damages.

14. If Plaintiff is able to show a violation of the FLSA, which is denied, Apple is entitled to use the fluctuating workweek method of calculating any overtime wages due.

15. Plaintiff was not entitled to overtime compensation because he was exempt from the overtime provisions of the FLSA under one or more of the various applicable exemptions, including but not limited to the administrative, executive, professional, combination, and/or other related exemptions.

16. Plaintiff's claims are barred to the extent he worked any unreported hours and did so in violation of Company policy and/or concealed the facts.

17. Plaintiff has sustained no damages or, if any, de minimis damages, which are not actionable under the FLSA.

18.     Apple reserves the right to add additional defenses and affirmative defenses as this case proceeds.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's case with prejudice, enter judgment against Plaintiff, and award Defendant its costs and fees and any other relief as the Court deems appropriate.

Dated this 17th day of January, 2013.          Respectfully submitted,

*s/Madid C. Gonzalez*
Anne Marie Estevez
    Florida Bar No. 991694
Email:  aestevez@morganlewis.com
Madid C. Gonzalez
    Florida Bar No. 338760
Email:  mcgonzalez@morganlewis.com
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard
Suite 5300
Miami, FL  33131-2339
Telephone:  305.415.3330
eFacsimile:  877.432.9652
*Attorneys for Apple*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission or Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Madid C. Gonzalez*
Madid C. Gonzalez

## SERVICE LIST

### JEREMIE SAINTVIL v. APPLE INC.
### Case No. 12-cv-24121-Lenard/O'Sullivan
### United States District Court, Southern District of Florida

Angeli Murthy, Esq.
Amurthy@forthepeople.com
MORGAN & MORGAN, P.A.
600 North Pine Island Road
Suite 400
Plantation, FL 33324
Telephone:  954.318.0268
Facsimile: 954.333.3515
Attorneys for Plaintiff
**Via CM/ECF**