UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CV-24121-Lenard/O'Sullivan

JEREMIE SAINTVIL, on his own behalf and
on behalf of those similarly situated,

    Plaintiff,

v.

APPLE COMPUTER, INC., a Foreign Profit
Corporation, AKA APPLE INC.

    Defendants.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM

Pursuant to the Court's Notice of Court Practice in FLSA Cases dated November 28, 2012 (Dkt. No. 5), Defendant Apple Inc. ("Apple") provides the following Response to the Statement of Claim of Plaintiff Jeremie SaintVil ("SaintVil") filed on January 17, 2013 (Dkt. No. 12). In support thereof, Apple states as follows:

1. On January 17, 2013, Plaintiff served his Statement of Claim on Apple and the Court. In his Statement of Claim, Plaintiff maintains that he worked "approximately ten (10) overtime hours each work week for which he was not compensated (Dkt. 12)." Plaintiff alleges that his damages are $38,168.20 (unliquidated). Apple strenuously disputes these allegations.

2. Apple disagrees that Plaintiff is due any overtime wages at all. Apple has in place well established policies and procedures in order to ensure compliance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* Apple's policies dictate that hourly employees must report all hours worked, including overtime. Apple's hourly employees all log into a time

clock system when they begin and end their shift, as well as when they take and return from their lunch break. Hourly employees are able to review and confirm their time for accuracy each and every time they clock in and out. Even more, Plaintiff, as a Senior Manager, had the authority to edit time for accuracy and was responsible for ensuring that those he supervised reported all hours worked accurately. In addition, Apple has a longstanding policy prohibiting employees from working when they are not on the clock. And Apple often sends time and attendance reminders to their employees restating these policies. Apple's policies and procedures are in place and well distributed to ensure that all employees are paid for all of their hours worked.

3. Time and pay records for Plaintiff, which are being produced to Plaintiff, evidence that he was consistently paid for all hours worked. Plaintiff was employed by Apple from approximately October 21, 2010 until June 4, 2012 and any overtime worked by him (i.e., hours worked in excess of forty (40) in a workweek) was paid at a rate of time and a half his regular rate. Plaintiff's pay records evidence that Plaintiff was paid anywhere from two (2) hours of overtime to over thirty (30) hours of overtime in a pay period (e.g. pay period ending November 18, 2011 paid 33.43 overtime hours). Plaintiff has absolutely no evidence that he is owed any overtime wages. Plaintiff has sustained no damages or, if any, *de minimis* damages, which are not actionable under the FLSA.

4. Moreover, to the extent Plaintiff worked any unreported hours and did so in violation of Company policy and/or concealed the facts, his claims are barred.

5. Regardless, Plaintiff was not entitled to overtime compensation because he was exempt from the overtime provisions of the FLSA under one or more of the various applicable exemptions, including but not limited to the administrative, executive, professional, combination,

and/or other related exemptions.  Plaintiff was employed as a Senior Manager and was highly compensated.

6. Even if Plaintiff is entitled to any additional overtime compensation, *which he is not*, there is absolutely no evidence to support that Apple willfully violated the FLSA, thus precluding any award of liquidated damages in this case.

WHEREFORE, Apple states, in response to Plaintiff's Statement of Claim, that Plaintiff is not entitled to any further overtime pay for hours worked over forty (40) in a given week, as he was properly paid for all straight and overtime hours worked.  Even assuming *arguendo* that Plaintiff did work some hours off the clock, which Apple denies, he has absolutely no evidence to support his alleged calculation of damages and there is absolutely no evidence to support any possible claim that Apple violated the FLSA, or that it owes any straight wages, overtime wages, liquidated damages or any other relief from Apple.

Dated this 6th day of February, 2013. Respectfully submitted,

*s/Madid C. Gonzalez*
Anne Marie Estevez
   Florida Bar No. 991694
Email:  aestevez@morganlewis.com
Madid C. Gonzalez
   Florida Bar No. 338760
Email:  mcgonzalez@morganlewis.com
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard
Suite 5300
Miami, FL  33131-2339
Telephone:  305.415.3330
eFacsimile:  877.432.9652
*Attorneys for Apple*

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission or Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Madid C. Gonzalez*
Madid C. Gonzalez

5

## SERVICE LIST

**JEREMIE SAINTVIL v. APPLE INC.**
**Case No. 12-cv-24121-Lenard/O'Sullivan**
**United States District Court, Southern District of Florida**

Angeli Murthy, Esq.
Amurthy@forthepeople.com
MORGAN & MORGAN, P.A.
600 North Pine Island Road
Suite 400
Plantation, FL 33324
Telephone: 954.318.0268
Facsimile: 954.333.3515
Attorneys for Plaintiff
**Via CM/ECF**